# FILED UNDER SEAL

Prob12C
D/NV Form
Rev. March 2017

# United States District Court
## for
## the District of Nevada

### PETITION FOR SUMMONS
### FOR OFFENDER UNDER SUPERVISION

Name of Offender: **Travonte Derrane Hughes**

Case Number:  **2:23CR00004**

Name of Sentencing Judicial Officer: **Honorable Linda R. Reade**

Date of Original Sentence: **June 22, 2016**

Original Offense: **Possession of a Firearm by a Felon**

Original Sentence: **71 Months prison, followed by 36 Months TSR.**

Date of Prior Revocation: **November 3, 2021**

Revocation Sentence: **Eight (8) Months prison, followed by Two (2) months TSR**

Date Supervision Commenced: **May 10, 2022**

Date Jurisdiction Transferred to District of Nevada: **January 17, 2023**

Name of Assigned Judicial Officer: **Honorable Gloria M. Navarro**

### PETITIONING THE COURT

☒ To issue a summons:

The probation officer believes the offender has violated the following condition(s) of supervision:

1. **Do Not Commit Another Crime** – **(Mandatory)** You must not commit another federal, state or local crime.

   A. On September 4, 2023, Hughes committed the following offenses:
      1) DUI Liquor and/or Drugs (N.R.S. 484C.110);

RE: Travonte Derrane Hughes

Prob12C
D/NV Form
Rev. March 2017

    2) Failure to Drive in Travel Lane (N.R.S. 484B.223);
    3) Driver Must Use Seat Belts and Shoulder Harness (N.R.S. 484D.495)

According to the Las Vegas Metropolitan Police Report regarding the above-listed charges, Hughes was involved in a vehicular accident at the intersection of Mojave Road and Cedar Avenue. Upon arrival, LVMPD made contact with Hughes, who admitted to being the driver and only occupant of the White Dodge Charger (NV license plate 351ZLY). When speaking to Hughes, Officer's noted an odor of an intoxicating beverage on his breath. Additionally, officer's noted slurred speech, watery eyes, and large, dilated pupils, consistent with someone under the influence of alcohol.

The details of the accident indicated Mr. Hughes' vehicle was traveling west bound and exceeding the speed limit. Mr. Hughes then attempted to make a right turn, failing to complete the turn and ran the vehicle off the west side of Mojave onto the sidewalk striking a wooden telephone pole.

Mr. Hughes was taken into custody and booked on the above-listed charges. It should be noted, he failed to appear for a scheduled Arraignment (Case No. 23-020513) in Las Vegas Municipal Court on January 16, 2024, and the case is currently in warrant status.

2. **Do Not Unlawfully Use Controlled Substance** – **(Mandatory)** You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court, not to exceed 104 tests annually.

   A. Hughes failed to report for a scheduled drug test on the following dates:

   October 24, 2023
   August 18, 2023
   June 17, 2023
   April 6, 2023
   December 2, 2022
   November 26, 2022
   November 8, 2022
   August 13, 2022
   August 10, 2022
   July 30, 2022
   Jul 28, 2022
   July 20, 2022

3. **No Alcohol** – **(Special)** The defendant must not use or possess alcohol. The defendant is prohibited from entering any establishment that holds itself out to the public to be a bar or tavern without the prior permission of the United States Probation Office.

RE: Travonte Derrane Hughes

    As noted in allegation #1 of this petition, Hughes was arrested on September 4, 2023, for Driving Under the Influence despite having a special condition restricting any alcohol use.

4. **Employment** – **(Special)** If not employed at a lawful type of employment as deemed appropriate by the United States Probation Office, the defendant must participate in employment workshops and report, as directed, to the United States Probation Office to provide verification of daily job search results or other employment related activities. In the event the defendant fails to secure employment, participate in the employment workshops, or provide verification of daily job search results, the defendant may be required to perform up to 20 hours of community service per week until employed.

    Hughes is currently unemployed. He was instructed on multiple occasions to complete community service hours while he remains unemployed. Mr. Hughes has failed to obtain employment and has not completed any hours of community service thus far on supervision.

5. **Follow Instructions Of Probation Officer** – **(Standard)** You must follow the instructions of the probation officer related to the conditions of supervision.

    Hughes was referred to Foundation for an Independent Tomorrow (FIT), on November 30, 2022. Hughes was scheduled to attend orientation on December 5, 2022. He was advised that the orientation occurs every Monday. As of this date, Hughes has yet to attend the orientation at FIT as instructed. He indicated that on one of the days he did in fact report, however, he was told by their staff he was too late to attend. Our office contacted FIT on January 9, 2023, and they verified Hughes has not participated in any programming and his name was not even in their system as of that date.

RE: Travonte Derrane Hughes

Prob12C
D/NV Form
Rev. March 2017

**U.S. Probation Officer Recommendation**:

The term of supervision should be:

&boxtimes; Revoked

I declare under penalty of perjury that the information contained herein is true and correct,

Executed on **January 22, 2024**



Digitally signed by Kamuela Kapanui
Date: 2024.01.22 15:09:13 -08'00'

Kamuela K Kapanui
United States Probation Officer

Approved:

Digitally signed by Joy Gabonia
Date: 2024.01.22 15:06:24 -08'00'

Joy Gabonia
Supervisory United States Probation Officer

*THE COURT ORDERS*

☐ No Action.
☐ The issuance of a warrant.
☒ The issuance of a summons.
☐ Other:

Signature of Judicial Officer

January 22, 2024
Date

RE: **Travonte Derrane Hughes**

Prob12C
D/NV Form
Rev. March 2017

## UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEVADA
## UNITED STATES V. TRAVONTE DERRANE HUGHES, 2:23CR00004

---

### SUMMARY IN SUPPORT OF PETITION FOR SUMMONS
### January 22, 2024

---

On June 22, 2016, Travonte Hughes was sentenced by the Honorable Linda R. Read, Chief U.S. District Judge, for the Northern District of Iowa, to 71 months custody for Possession of a Firearm by a Felon. A three (3) year term of supervised release was ordered to follow.

On March 18, 2021, Hughes commenced his first term of supervision in the District of Nevada. Due to multiple violations, his supervision was revoked on November 4, 2021, and he was sentenced to eight (8) months custody followed by two (2) years of supervised release. Although not addressed at the time of his sentencing, Hughes was arrested by the Las Vegas Metropolitan Police Department on or about August 29, 2021, for Pandering (Felony). The charge was later pled down to Gross Misdemeanor. On November 22, 2022, Mr. Hughes was sentenced by The Honorable Michelle Leavitt, in the Eighth District Court, Las Vegas, NV, to 364 days custody, suspended, and placed on Probation for an indeterminate period not to exceed one (1) year.

Due to his DUI arrest on September 4, 2023, he also violated his supervision through the Nevada State Parole and Probation Office. On September 5, 2023, he was booked into Clark County Detention Center where he remained until October 12, 2023. On November 27, 2023, he was Honorably Discharged from supervision.

As noted in the allegation portion of this petition, Hughes has been arrested for a new criminal offense, failed to obtain employment, failed to complete community service hours and failed to follow the instructions of the undersigned officer. It appears Hughes has not taken advantage of the opportunities provided by the Court and continues to violate his conditions since his first term.

Hughes is not new to the criminal justice system and has a Criminal History Category of III. He has sustained the following convictions:

2012 – Residential Burglary
2013 – Obstructing Identification
2013 – Theft
2014 – Trespass
2014 – Interference with Official Acts; Public Intoxication; Disorderly Conduct/ Fighting/Violent Behavior
2014 – Trespass
2014 – Trespass
2015 – Willful Injury-Causing Bodily Injury

RE: Travonte Derrane Hughes

Prob12C
D/NV Form
Rev. March 2017

Additionally, Mr. Hughes has sustained eight (8) additional arrests from 2008 to 2015 that did not result in a conviction including disorderly conduct, fighting, criminal damage to property, and intimidation with dangerous Weapon. It should be noted that the details of his underlying federal conviction were initially charged as Assault on a Peace Officer With a Dangerous Weapon, Carrying Weapons and Interference with Official Acts.

Given his non-compliance and disregard for his conditions set forth by the Court, it is respectfully requested a summons be issued to initiate revocation proceedings.

Respectfully submitted,

Digitally signed by Kamuela Kapanui
Date: 2024.01.22 15:10:42 -08'00'

Kamuela K Kapanui
United States Probation Officer

Approved:

Digitally signed by Joy Gabonia
Date: 2024.01.22 15:06:52 -08'00'

Joy Gabonia
Supervisory United States Probation Officer

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
         Sheet 1

# UNITED STATES DISTRICT COURT

Northern District of Iowa

| UNITED STATES OF AMERICA | ) | JUDGMENT IN A CRIMINAL CASE |
|---|---|---|
| v. | ) | |
| TRAVONTE DERRANE HUGHES | ) | Case Number: 0862 1:15CR00101-001 |
| | ) | USM Number: 15350-029 |
| | ) | Anne M. Laverty |
| | | Defendant's Attorney |

**THE DEFENDANT:**

☒ pleaded guilty to count(s)   **1 of the Indictment filed on December 8, 2015**

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. §§ 922(g)(1) and 924(a)(2) | Possession of a Firearm by a Felon | 10/24/2015 | 1 |

The defendant is sentenced as provided in pages 2 through __6__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

June 22, 2016
Date of Imposition of Judgment

*[signature]*
Signature of Judge

Linda R. Reade
Chief U.S. Magistrate Judge
Name and Title of Judge

June 24, 2016
Date

AO 245B (Rev. 09/11) Judgment in a Criminal Case
Sheet 2 – Imprisonment

DEFENDANT: TRAVONTE DERRANE HUGHES
CASE NUMBER: 0862 1:15CR00101-001

Judgment — Page 2 of 6

# IMPRISONMENT

☒ The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:
**71 months on Count 1 of the Indictment.**

☒ The court makes the following recommendations to the Bureau of Prisons:
**That the defendant be designated to a Bureau of Prisons facility as close to the defendant's family as possible, commensurate with the defendant's security and custody classification needs.**

**That the defendant participate in the Bureau of Prisons' 500-Hour Comprehensive Residential Drug Abuse Treatment Program or an alternate substance abuse treatment program.**

**Pursuant to 18 U.S.C. § 3584, it is recommended that the sentence for the instant offense be ordered to run consecutively to any term of imprisonment that may be imposed in the Illinois District Court for Cook County, Case No. 12-C6-60375-02, and in The Iowa District Court for Linn County, Case No. FECR111824.**

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____ .

☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

☐ before 2 p.m. on _____ .

☐ as notified by the United States Marshal.

☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

at _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

AO 245 B  (Rev. 09/11) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment—Page __3__ of __6__

DEFENDANT: **TRAVONTE DERRANE HUGHES**
CASE NUMBER: **0862 1:15CR00101-001**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: **3 years on Count 1 of the Indictment.**

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☒ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☒ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 3C — Supervised Release

(NOTE: Identify Changes with Asterisks (*))

Judgment—Page  4  of  6

DEFENDANT:         **TRAVONTE DERRANE HUGHES**
CASE NUMBER:       **0862 1:15CR00101-001**

## SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the U.S. Probation Office:*

1) The defendant must participate in and successfully complete a program of testing and treatment for substance abuse.

2) The defendant must not use alcohol and is prohibited from entering any establishment that holds itself out to the public to be a bar or tavern.

3) If not employed at a regular lawful occupation, as deemed appropriate by the United States Probation Office, the defendant must participate in employment workshops and report, as directed, to the United States Probation Office to provide verification of daily job search results or other employment related activities. In the event the defendant fails to secure employment, participate in the employment workshops or provide verification of daily job search results, the defendant may be required to perform up to 20 hours of community service per week until employed.

4) The defendant must submit to a search of the defendant's person, residence, adjacent structures, office or vehicle, conducted by a United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant must warn any other residents that the residence or vehicle may be subject to searches pursuant to this condition. This condition may be invoked with or without the assistance of law enforcement, including the United States Marshals Service.

Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

_____          _____
Defendant                                                                                               Date

_____          _____
U.S. Probation Officer/Designated Witness                                          Date

AO 245B    (Rev. 09/11) Judgment in a Criminal Case
            Sheet 5 – Criminal Monetary Penalties

|  |  | Judgment — Page 5 of 6 |
|---|---|---|
| DEFENDANT: | **TRAVONTE DERRANE HUGHES** | |
| CASE NUMBER: | **0862 1:15CR00101-001** | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 100 | $ 0 | $ 0 |

☐ The determination of restitution is deferred until _____ . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| | | | |

| **TOTALS** | $ _____ | $ _____ | |

☐ Restitution amount ordered pursuant to plea agreement  $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☐ the interest requirement is waived for the    ☐ fine    ☐ restitution.

    ☐ the interest requirement for the    ☐ fine    ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245 B   (Rev. 09/11) Judgment in a Criminal Case
Sheet 6 – Criminal Monetary Penalties

Judgment—Page 6 of 6

DEFENDANT: **TRAVONTE DERRANE HUGHES**
CASE NUMBER: **0862 1:15CR00101-001**

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A  ☒  Lump sum payment of $ **100** due immediately, balance due

    ☐ not later than _____ , or
    ☐ in accordance with   ☐ C,   ☐ D,   ☐ E, or   ☐ F below; or

B  ☐  Payment to begin immediately (may be combined with   ☐ C   ☐ D, or   ☐ F below); or

C  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after the date of this judgment; or

D  ☐  Payment in equal _____ *(e.g., weekly, monthly, quarterly)* installments of $ _____ over a period of _____ *(e.g., months or years)*, to commence _____ *(e.g., 30 or 60 days)* after release from imprisonment to a term of supervision; or

E  ☐  Payment during the term of supervised release will commence within _____ *(e.g., 30 or 60 days)* after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐ Joint and Several

    Defendant and Co-Defendant Names and Case Numbers *(including defendant number)*, Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☒ The defendant shall forfeit the defendant's interest in the following property to the United States:
**As set forth in the Preliminary Order of Forfeiture filed on February 16, 2016, 2016, Document No. 24.**

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>**TRAVONTE DERRANE HUGHES** | **JUDGMENT IN A CRIMINAL CASE**<br>Case Number:  CR 15-101-1-CJW<br>USM Number:  15350-029 |

☐ **Revocation** of Probation
■ **Revocation** of Supervised Release
☐ **Modification** of Supervision Conditions

☐ **AMENDED REVOCATION JUDGMENT**
  Date of Most Recent Judgment:

**Raphael M. Scheetz**
Defendant's Attorney

## THE DEFENDANT:

■ admitted guilt to violation(s)    **1a-j and 5**    of the term of supervision.

■ was found in violation of    **3a, 3b, 3e, and 4**    after denial of guilt.

The defendant is adjudicated guilty of these violations:

| Violation Number | Nature of Violation | Violation Ended |
|---|---|---|
| 1a-j | Failure to Comply with Substance Abuse Testing | 09/18/2021 |
| 3a, 3b, 3e | Possession/Use of a Controlled Substance | 09/23/2021 |
| 4 | New Law Violation | 08/29/2021 |
| 5 | Failure to Report Law Enforcement Contact | 08/29/2021 |

The defendant is sentenced as provided in pages 2 through  **5**  of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

■ The defendant was not found in violation of  **2, 3c, and 3d**  and is discharged as to such violation(s).
☐ The Court did not make a finding regarding violation(s)

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States Attorney of material changes in economic circumstances.

| | |
|---|---|
| **C.J. Williams**<br>**United States District Judge**<br>Name and Title of Judge | *[signature]*<br>Signature of Judge |
| **November 3, 2021**<br>Date of Imposition of Judgment | November 4, 2021<br>Date |

DEFENDANT: **TRAVONTE DERRANE HUGHES**
CASE NUMBER: **CR 15-101-1-CJW**

## PROBATION

☐ The defendant's supervision is continued with the addition of special condition number(s):

## IMPRISONMENT

☐ No imprisonment is ordered as part of this modification.

■ The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of: **8 months.**

■ The court makes the following recommendations to the Federal Bureau of Prisons:
**It is recommended that the defendant be designated to a Bureau of Prisons facility in close proximity to the defendant's family which is commensurate with the defendant's security and custody classification needs.**

■ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant must surrender to the United States Marshal for this district:

☐ at _____ ☐ a.m. ☐ p.m. on _____.

☐ as notified by the United States Marshal.

☐ The defendant must surrender for service of sentence at the institution designated by the Federal Bureau of Prisons:

☐ before 2 p.m. on _____.

☐ as notified by the United States Marshal.

☐ as notified by the United States Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____
at _____ with a certified copy of this judgment.

UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

DEFENDANT: **TRAVONTE DERRANE HUGHES**
CASE NUMBER: **CR 15-101-1-CJW**

## SUPERVISED RELEASE

■ Upon release from imprisonment, the defendant shall be on supervised release for a term of: **2 years.**

☐ The defendant's supervision is continued with the addition of special condition number(s):

☐ The defendant is remanded to the custody of the United States Marshal's until bed space is available at the Residential Reentry Center. The defendant shall be released from the United States Marshal's custody per written notification by the United States Probation Office without further order of the Court.

## MANDATORY CONDITIONS OF SUPERVISION

1) The defendant must not commit another federal, state, or local crime.

2) The defendant must not unlawfully possess a controlled substance.

3) The defendant must refrain from any unlawful use of a controlled substance.
   The defendant must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

   ☐ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future controlled substance abuse. *(Check, if applicable.)*

4) ■ The defendant must cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

5) ☐ The defendant must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where the defendant resides, works, and/or is a student, and/or was convicted of a qualifying offense. *(Check, if applicable.)*

6) ☐ The defendant must participate in an approved program for domestic violence. *(Check, if applicable.)*

The defendant must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

Judgment—Page __4__ of __5__

DEFENDANT:       **TRAVONTE DERRANE HUGHES**
CASE NUMBER:     **CR 15-101-1-CJW**

## STANDARD CONDITIONS OF SUPERVISION

As part of the defendant's supervision, the defendant must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for the defendant's behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in the defendant's conduct and condition.

1) The defendant must report to the probation office in the federal judicial district where the defendant is authorized to reside within 72 hours of the time the defendant was sentenced and/or released from imprisonment, unless the probation officer instructs the defendant to report to a different probation office or within a different time frame.

2) After initially reporting to the probation office, the defendant will receive instructions from the court or the probation officer about how and when the defendant must report to the probation officer, and the defendant must report to the probation officer as instructed. The defendant must also appear in court as required.

3) The defendant must not knowingly leave the federal judicial district where the defendant is authorized to reside without first getting permission from the court or the probation officer.

4) The defendant must answer truthfully the questions asked by the defendant's probation officer.

5) The defendant must live at a place approved by the probation officer. If the defendant plans to change where the defendant lives or anything about the defendant's living arrangements (such as the people the defendant lives with), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6) The defendant must allow the probation officer to visit the defendant at any time at the defendant's home or elsewhere, and the defendant must permit the probation officer to take any items prohibited by the conditions of the defendant's supervision that he or she observes in plain view.

7) The defendant must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses the defendant from doing so. If the defendant does not have full-time employment, the defendant must try to find full-time employment, unless the probation officer excuses the defendant from doing so. If the defendant plans to change where the defendant works or anything about the defendant's work (such as the defendant's position or the defendant's job responsibilities), the defendant must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, the defendant must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8) The defendant must not communicate or interact with someone the defendant knows is engaged in criminal activity. If the defendant knows someone has been convicted of a felony, the defendant must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9) If the defendant is arrested or questioned by a law enforcement officer, the defendant must notify the probation officer within 72 hours.

10) The defendant must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).

11) The defendant must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12) As directed by the probation officer, the defendant must notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and must permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

13) The defendant must follow the instructions of the probation officer related to the conditions of supervision.

DEFENDANT: **TRAVONTE DERRANE HUGHES**
CASE NUMBER: **CR 15-101-1-CJW**

# SPECIAL CONDITIONS OF SUPERVISION

*The defendant must comply with the following special conditions as ordered by the Court and implemented by the United States Probation Office:*

1. **The defendant must participate in a substance abuse evaluation. The defendant must complete any recommended treatment program, which may include a cognitive behavioral group, and follow the rules and regulations of the treatment program. The defendant must participate in a program of testing for substance abuse. The defendant must not attempt to obstruct or tamper with the testing methods.**

2. **The defendant must not use or possess alcohol. The defendant is prohibited from entering any establishment that holds itself out to the public to be a bar or tavern without the prior permission of the United States Probation Office.**

3. **If not employed at a lawful type of employment as deemed appropriate by the United States Probation Office, the defendant must participate in employment workshops and report, as directed, to the United States Probation Office to provide verification of daily job search results or other employment related activities. In the event the defendant fails to secure employment, participate in the employment workshops, or provide verification of daily job search results, the defendant may be required to perform up to 20 hours of community service per week until employed.**

4. **The defendant must submit the defendant's person, property, house, residence, vehicle, papers, computers [as defined in 18 U.S.C. § 1030(e)(1)], other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. The defendant must warn any other occupants that the premises may be subject to searches pursuant to this condition. The United States Probation Office may conduct a search under this condition only when reasonable suspicion exists that the defendant has violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.**

5. **Immediately following release from custody, the defendant must reside in a Residential Reentry Center for a period of up to 120 days, or until discharged by the United States Probation Office, after consultation with the Court. This placement will be in the community corrections component with work release privileges. While a resident of the Residential Reentry Center, the defendant must abide by all rules and regulations of the facility. The defendant must report to the Residential Reentry Center at a time and date to be determined by the Bureau of Prisons, the Residential Reentry Center, and the United States Probation Office.**

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them. Upon a finding of a violation of supervision, I understand the Court may: (1) revoke supervision; (2) extend the term of supervision; and/or (3) modify the condition(s) of supervision.

_____      _____
Defendant                                                                                                                             Date

_____      _____
United States Probation Officer/Designated Witness                 Date

AO 83 (Rev. 06/09) Summons in a Criminal Case

# UNITED STATES DISTRICT COURT
for the
District of Nevada

| | |
|---|---|
| United States of America ) | |
| v. ) | |
| ) | Case No. 2:23CR00004 |
| Travonte Derrane Hughes ) | |
| _____ ) | |
| *Defendant* ) | |
| ) | |

## SUMMONS IN A CRIMINAL CASE

**YOU ARE SUMMONED** to appear before the United States District Court at the time, date, and place set forth below to answer to one or more offenses or violations based on the following document filed with the court:

☐ Indictment   ☐ Superseding Indictment   ☐ Information   ☐ Superseding Information   ☐ Complaint
☐ Probation Violation Petition   ☒ Supervised Release Violation Petition   ☐ Violation Notice   ☐ Order of Court

| Place: | Courtroom No.: |
|---|---|
| | Date and Time: |

This offense is briefly described as follows:
Violation of Supervised Release

If you do not have an attorney, and you cannot afford to hire one, you should immediately contact the Federal Public Defender's Office at 702-388-6577 to arrange for a court-appointed attorney to represent you in this case.

Date: _____

_____
*Issuing officer's signature*

_____
*Printed name and title*

---

I declare under penalty of perjury that I have:

☐ Executed and returned this summons            ☐ Returned this summons unexecuted

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

AO 83 (Rev. 06/09) Summons in a Criminal Case

Case No.  2:23CR00004

**This second page contains personal identifiers and therefore should
not be filed in court with the summons unless under seal**.
*(Not for Public Disclosure)*

### INFORMATION FOR SERVICE

Name of defendant/offender:  <u>Travonte Derrane Hughes</u>

Last known residence: <u>2131 Pine Breeze, Las Vegas, NV 89119</u>

Usual place of abode *(if different from residence address)*:

If the defendant is an organization, name(s) and address(es) of officer(s) or agent(s) legally authorized to receive service of process:

If the defendant is an organization, last known address within the district or principal place of business elsewhere in the United States:

### PROOF OF SERVICE

This summons was received by me on.

☐ I personally served the summons on this defendant <u>Travonte Derrane Hughes</u> at _____ on _____; or

☐ On _____, I left the summons at the individual's residence or usual place of abode with, a person of suitable age and discretion who resides there, and I mailed a copy to the individual's last known address; or

☐ I delivered a copy of the summons to _____, who is authorized to receive service of process on behalf of _____ on _____ and I mailed a copy to the organization's last known address within the district or to its principal place of business elsewhere in the United States; or

☐ The summons was returned unexecuted because:. _____.

I declare under penalty of perjury that this information is true.

Date returned:

*Server's signature*

*Printed name and title*

Remarks: